JOURNAL ENTRY AND OPINION
The journal entries reflecting applicant's conviction and sentence inState v. McCants, Cuyahoga County Court of Common Pleas Case Nos. CR-50160, 50235, 50360 and 50362 were dated November 13, 1979 and received for filing on November 19, 1979. Applicant pro se filed notices of appeal from the November 19, 1979 entries on December 1, 1997. Applicant also filed motions for leave to file delayed appeal in all four cases. This court denied the motions for leave to file delayed appeal inState v. McCants (Jan. 7, 1998), Cuyahoga App. Nos. 73601, 73602, 73603 and 73604, unreported.
Applicant has filed with the clerk of this court an application for reopening on February 26, 2001. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
The application was filed clearly in excess of the ninety-day limit. Applicant contends that his being a federal prisoner and a pro se litigant are sufficient grounds to establish good cause for the delay. Yet, it is well established that ignorance of the law is not a sufficient basis for establishing good cause for the untimely filing of an application for reopening. State v. Johnson (Aug. 20, 1992), Cuyahoga App. No. 61015, unreported, reopening disallowed (Dec. 13, 2000), Motion No. 16322 (applicant asserted "legal incapacity to perform the complex legal research and necessary filings," at 2-3). Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
We also note that applicant filed the appeals in Case Nos. 73601, 73602, 73603 and 73604 pro se.
 App.R. 26(B)((1) provides in part that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Applicant acted pro se in his appeal and therefore is precluded from applying for reopening based upon "a claim of ineffective assistance of appellate counsel."
State v. Drake (July 2, 1998), Cuyahoga App. No. 74661, unreported, reopening disallowed (June 24, 1999), Motion No. 4637, at 2-3. The fact that applicant filed his direct appeal pro se is a sufficient basis for denying the application for reopening.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
 _________ DYKE, J.
FRANK D. CELEBREZZE, JR., AND JAMES J. SWEENEY, J. CONCUR.